UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATELIN NOFFSINGER,<br><br>    Plaintiff,<br><br>v.<br><br>SSN OPERATING COMPANY, LLC d/b/a<br>BRIDE BROOK NURSING &<br>REHABILITATION CENTER.<br><br>    Defendant. | :  Case No. 16-1938<br>:<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:  NOVEMBER 23, 2016<br>: |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendant SSC Niantic Operating Company, LLC d/b/a Bride Brook Health & Rehabilitation Center ("Bride Brook" or "Defendant"), the real party defendant in interest and improperly named as SSN Operating Company, LLC d/b/a Bride Brook Nursing & Rehabilitation Center and Bride Brook Nursing & Rehabilitation Center, hereby files this Notice of Removal of this action from the Superior Court of the State of Connecticut, Judicial District of New London at New London, to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship).  In support of this Notice of Removal, Bride Brook states as follows:

1.  On August 24, 2016, Plaintiff Katelin Noffsinger ("Ms. Noffsigner" or "Plaintiff") filed a Complaint in the Superior Court of Connecticut, Judicial District of New London at New London, against SSN Operating Company LLC d/b/a Bride Brook Nursing &

Rehabilitation Center.  That Complaint named the wrong party (e.g., SSN Operating Company, LLC d/b/a Bride Brook Nursing & Rehabilitation Center) and neither the Complaint or the Summons was ever served on or otherwise provided to Defendant Bride Brook, the real party defendant in interest.  A copy of the Complaint, Summons, and Return of Service is appended hereto as **Exhibit A**.

2. On October 25, 2016, Plaintiff, without leave of court under Conn. Prac. Bk. § 10-60, filed an Amended Complaint and Summons, again naming the incorrect party (Bride Brook Nursing & Rehabilitation Center ).  A copy of the Amended Complaint and Summons is attached hereto as **Exhibit B**.  Plaintiff did not serve the Amended Complaint or Summons on Defendant Bride Brook, the real party defendant in interest.

3. On October 25, 2016, Plaintiff's counsel emailed a copy of the Amended Complaint and Summons to an employee of Defendant Bride Brook.  This is the first notice Defendant Bride Brook received concerning the lawsuit.

4. Defendant Bride Brook is the real party defendant in interest in this action.

5. Defendant Bride Brook files this Notice of Removal based on diversity of citizenship.  This Notice of Removal is filed within 30 days of the date Defendant Bride Brook received notice of the complaints in this matter and is therefore timely.  Defendant Bride Brook has never been formally served in this matter.

6. Plaintiff is a citizen of the State of Connecticut.

7. Defendant Bride Brook is a foreign (Delaware) limited liability company.   The members of Defendant Bride Brook are also foreign companies created in Delaware with the ultimate principal place of business in Tennessee.

8.   In her lawsuit, Plaintiff claims that Defendant Bride Brook discriminated against her in violation of the Connecticut Medical Marijuana Act, wrongfully refused to hire her because of her use of medical marijuana, and intentionally inflicted upon her emotion distress. Despite Connecticut's Medical Marijuana Act, marijuana is still illegal under federal law, and the federal government regulates drugs through the Controlled Substances Act, 21 U.S.C. § 811. Under federal law, marijuana is treated like every other controlled substance, such as cocaine and heroin, and classifies it as a Schedule I drug, which means that the federal government views marijuana as highly addictive and having no medical value. Doctors may not "prescribe" marijuana under federal law. Defendant Bride Brook denies the material allegations of Plaintiff's Complaint and Amended Complaint.

9.   Although this action was commenced in state court, Plaintiff's action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1) because "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." Plaintiff's pleading in this matter has not yet specified the amount of monetary damages sought. However, based upon experience and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Jurisdiction in this Court is that complete diversity of citizenship exists between the parties to this action and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This lawsuit is removed from the Superior Court of Connecticut, Judicial District of New London at New London.

10.   This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) in that the Notice of Removal is "filed within 30 days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

11.     Concurrent with the filing of this Notice of Removal, Defendant Bride Brook serves this Notice of Removal upon Plaintiff, and filing a copy of the Notice of Removal with the Clerk of the Superior Court of the State of Connecticut, Judicial District of New London at New London.  Defendant Bride Brook respectfully gives notice that the above-captioned civil action now pending against it in the Connecticut Superior Court, Judicial District of New London at New London is removed therefrom to this Court.

WHEREFORE, Defendant Bride Brook respectfully requests the Court remove the above-captioned action now pending against Bride Brook in the Superior Court of the State of Connecticut, Judicial District of New London at New London, to the United States District Court for the District of Connecticut, and for any such other and further relief as may be necessary.

RESPECTFULLY SUBMITTED,

DEFENDANT, SSN OPERATING COMPANY, LLC d/b/a BRIDE BROOK HEALTH & REHABILITATION CENTER.

By: /s/ Thomas C. Blatchley_____
      Thomas C. Blatchley (Fed. Bar. # ct25896)
      Kelly Kirby (Fed. Bar. #ct29613)
      Gordon & Rees Scully Mansukhani
      95 Glastonbury Boulevard, Suite 206
      Glastonbury, CT 06033
      Phone: (860) 494-7525
      Fax: (860) 560-0185
      Email: tblatchley@gordonrees.com
      Email: kkirby@gordonrees.com

**CERTIFICATION**

      I hereby certify that on this 23rd day of November, 2016, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System. I further certify that a copy of this filing was sent via regular U.S. Mail, postage prepaid, and email as follows:

    Plaintiff's Counsel
    Henry F. Murray, Esq.
    hfmurray@lapm.org
    Zachary L. Rubin, Esq.
    zlrubin@lapm.org.
    Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
    557 Prospect Avenue
    Hartford, CT 06105-2922

                                            /s/ Thomas C. Blatchley
                                            Thomas C. Blatchley